IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE LEWIS, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:17-cv-2745-K-BT |
| § | |
| § | |
| LORIE DAVIS, Director TDCJ-CID, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Joe Lewis, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

In December 2014, a jury convicted Petitioner of three felony drug offenses, and the trial court sentenced him to thirty years in prison. *State of Texas v. Joe Lewis*, No. F-1341242-X (Crim. Dist. Ct. No. 6, Dallas County, Tex., Dec. 11, 2014). The Fifth District Court of Appeals affirmed the judgment, *Lewis v. State*, No. 05-14-01606-CR, 2016 WL 3474245 (Tex. App. – Dallas 2016, pet. ref'd), and the Court of Criminal Appeals refused Petitioner's petition for discretionary review. Petitioner then filed a state habeas petition, *Ex parte Lewis*,

1

No. 61,166-03, which the Court of Criminal Appeals denied without written order.

On September 28, 2017, Petitioner filed the instant § 2254 petition in federal court. He argues:

1. He is actually innocent;

2. He received ineffective assistance of counsel when:

   a. counsel failed to research his medical history and call psychiatrist Patricia Newton as a witness;

   b. counsel failed to argue the search warrant was invalid, and that evidence should be suppressed;

   c. counsel failed to argue there was no quantitative testing of the drugs, and failed to move for a directed verdict;

3. The prosecutor committed misconduct when he:

   a. failed to test the baggies of drugs for fingerprints;

   b. used a false purity content for the drugs;

   c. failed to timely disclose evidence;

   d. offered perjured testimony; and

4. The search warrant was invalid.

On November 1, 2017, Petitioner filed a supplemental petition,[1] in which he further argues:

---

[1] Although Petitioner titled his November 1, 2017 petition as an "amended petition," the memorandum he filed with the petition refers to his original claims. (*See* ECF No. 11.) It therefore appears the November 1, 2017 petition is a

2

1. He was denied due process because the trial court judge:

    a. did not allow the defense to review photographs and phone text records admitted into evidence at trial;

    b. failed to declare a mistrial;

    c. failed to give an instruction for a lesser included offense;

2. His conviction was obtained by an illegal search warrant;

3. He received ineffective assistance of appellate counsel when counsel:

    a. failed to address his mental health in his direct appeal;

    b. failed to the address conflicting testimony of Officer Chance;

4. The prosecution committed error when prosecutors:

    a. intimidated a witness;

    b. "mislead and influenced" the jury by improperly commenting on Petitioner's decision not to call Jennifer Sikes as a witness; and

    c. knowingly suborned perjured testimony.

On March 8, 2018, Petitioner filed a motion to voluntarily dismiss

---

supplemental petition, and that he intends to raise the claims in both his original petition and the November 1, 2017 petition.

claims 3(a) and (b) and 4(b) from his supplemental petition. (ECF No. 21.) On October 16, 2018, the Court granted Petitioner's motion to voluntarily dismiss these claims. (ECF No. 24.)

II.

The following facts are taken from the appellate court's decision affirming the trial court's judgments.

> In January 2012, Mesquite police officer Andrew Chance began surveillance on a residence in Mesquite, Texas. Chance had received information from a confidential informant that appellant was "dealing crack cocaine and marijuana" at the residence. Chance sent another confidential informant into the residence to buy drugs from appellant. Chance and another investigator watched as the confidential informant gave a white female at the residence the money for the drugs, and the female gave the money to appellant. The confidential informant returned to Chance with crack cocaine and marijuana he had purchased. A field test confirmed the nature of the controlled substances. Both before and after the confidential informant purchased drugs, Chance observed "hand-to-hand transactions" at the residence. In the course of his surveillance, Chance had observed appellant and the female in a certain vehicle coming and going to and from the residence, and it appeared appellant and the female were operating together in the sale of narcotics and living together at the residence.
>
> Chance obtained a search warrant, which he executed on January 9, 2012. Chance went to the residence and observed appellant arrive in a pickup truck Chance had previously identified during surveillance. Officers detained appellant outside the residence and took appellant's keys to open the front door of the residence. During the course of their search, officers discovered crack cocaine, methamphetamine, and marijuana inside the residence. Officers also recovered prescription pill

4

> bottles with appellant's name on them. Appellant was arrested and, in October 2013, appellant was indicted on the charged offenses.

*Lewis*, 2016 WL 3474245 at *1.

### III.

**1. Standard of Review**

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254. The pertinent terms of the AEDPA provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may

5

grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Trial Error

Petitioner argues the trial court erred when it: (a) did not allow the defense to review photographs and phone text records admitted into evidence at trial, (b) failed to declare a mistrial, and (c) failed to give an instruction for a lesser included offense.

On federal habeas review of state court convictions, a federal harmless error standard applies. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38 (1993). To be actionable, a trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht,* 507 U.S. at 637 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776 (1946)). Under this standard, a petitioner is not entitled to federal habeas relief based on trial error unless he can establish that the error resulted in actual prejudice. *See Brecht,* 507 U.S. at 637. "[A] state defendant has no constitutional right to an errorless trial." *Bailey v. Procunier,* 744 F.2d 1166, 1168 (5th Cir. 1984).

### (a) Photographs, Text Messages, and Mistrial

Petitioner claims the trial court failed to allow the defense to review photographs and text messages that were admitted at trial, and the court wrongfully denied his motion for a mistrial based on the State's failure to timely

provide this evidence. On direct appeal, the court accurately stated the facts as follows:

> At the beginning of trial, the trial court indicated the State had come into possession of some cell phone records, "but the detective hadn't furnished it." The records consisted of over 140 text messages and "pictures." Defense counsel responded that the records were a surprise and asked the trial court to suppress the evidence. The prosecutor explained that a detective, when he checked the evidence for trial, "noticed that there was a phone in there and recalled he had a search warrant done and brought a disc which contained about 150 photographs of text messages from the phone that was seized at the location" where appellant was arrested. Because the evidence was obtained pursuant to a valid search warrant, the prosecutor argued, the evidence was admissible. The trial court excluded the evidence because the State "produced it late" but did not "question its admissibility otherwise."
>
> Following the presentation of the State's case-in-chief, appellant presented the testimony of Rene Colson. Colson testified she has two children with appellant, and she assisted appellant with his medication and was helping him file for disability. Colson lived at the residence where appellant was arrested, and she was also arrested for the underlying offenses. Colson testified the prescription bottles with appellant's name on them were at her house because she helped "distribute" appellant's medications to him. Colson testified the drugs at her residence were hers, and she "made a bad decision to get them and try to sell them." Colson testified appellant's role in selling drugs from Colson's residence was "nothing," appellant was not present when drugs were being prepared for sale, he never exchanged drugs for money, and the drugs were "put up" when appellant was around. Colson reiterated that appellant was "an innocent man" who "stayed medicated all the time" and was not "aware of what's going on around him."

7

> After the defense rested, in a hearing outside the presence of the jury, the State again offered into evidence "the text records we would now use in rebuttal based on statements from" Colson. In response to a question from the trial court, the prosecutor stated he had given defense counsel copies of the text records and the disc the day before. Defense counsel again argued the records should be suppressed, stating "we don't know how these records were obtained. We don't know who these phones belong to. And we just don't know enough about it." The prosecutor explained "[t]hese are the cell phones that were at the scene they got the search warrant for to - and had searched two days later." The trial court made the following statement:
>
>> I think it's been opened up. I suppressed them yesterday because they are late - produced late, you hadn't had a chance to view them. But I - in view of Ms. Colson's testimony, I think they become relevant.
>
> The State responded that it had a certified copy of the search warrant and was attempting to recall Chance, "who would be the witness to lay that predicate." The trial court admitted the cell phone search warrant, stating the following:
>
>> I think we're at the point now where I found the search warrant is a good warrant. Search warrant for the cell phone is good. I find it states the probable cause in the four corners. Have already found the search warrant of the residence was good. So that cell phone this warrant goes toward was recovered during that search. I find it's admissible....

(ECF No. 20-18 at 95-97.)

The record shows defense counsel received this evidence prior to the start of trial, and on the same date the prosecutor received the evidence. (ECF

8

No. 20-4 at 5.) Petitioner has cited no federal or constitutional violation by receiving this evidence the day of trial. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See* 28 U.S.C. § 2254(a) (stating the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States."); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Further, under Texas law, the prosecutor must produce evidence to the defense "as soon as practicable." *See* Tex. Code Crim. Proc. Art. 39.14(a). Here, the prosecutor stated he produced this evidence "as soon as we found out." (ECF No. 20-4 at 5.) Petitioner has failed to show the state court's denial of this claim was unreasonable.

"The failure to grant a mistrial is a matter of state law and not of a constitutional dimension and is within the sound discretion of the state trial judge." *Rivers v. Thaler*, 2010 WL 5105176, at *3 (N.D. Tex. Oct. 27, 2010) (quoting Matthews v. Cain, 2010 WL 3210444 at *16 (E.D. La. July 12, 2010). "A trial court's denial of a motion for mistrial justifies federal habeas corpus relief only if it was error so extreme that it constitutes a denial of fundamental fairness and due process." *Marshall v. Dretke*, 2005 WL 1562695, at *8 (S.D. Tex. June 29, 2005) (citing *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988). In this case, the trial court held a hearing outside the presence of the jury to reconsider the admissibility of the photographs and text messages. (ECF No. 20-5 at 141-56.) At the end of the hearing, the court overruled defense counsel's objection to the

9

admission of the evidence. (*Id.* at 155). In response, defense counsel moved for a mistrial, which the trial court denied. (*Id.*) Petitioner has not shown that the trial court erred in denying his motion for a mistrial—much less that any error was so extreme that it constitutes a denial of fundamental fairness and due process.

### (b) Lesser Included Offense

Petitioner claims the trial court erred when it failed to instruct the jury on a lesser included offense. The record shows defense counsel requested a lesser included offense instruction, but it appears he later withdrew the request because counsel later stated he had no objection to the jury charge. (ECF No. 20-5 at 177-78.) Petitioner has failed to state what lesser included offense should have been charged, and the trial record does state what lesser included offense defense counsel requested. In a non-capital case, however, "the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Creel v. Johnson*, 162 F.3d 385, 390-91 (5th Cir. 1998) (same). This claim should be denied.

### 3. Search Warrant

Petitioner next argues the search warrant was invalid because it was not supported by facts establishing probable cause. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). The Fifth Circuit has held that "an opportunity for

10

full and fair litigation" means just that – an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

Petitioner raised this Fourth Amendment claim in the trial court, on direct appeal, and in his state habeas petition. He has failed to show he did not have a full and fair opportunity to litigate this claim in state court. His claim should therefore be denied.

### 4. Prosecutorial Misconduct

Petitioner argues the prosecutor committed misconduct when he intimidated a witness, knowingly offered perjured testimony, failed to test the baggies of drugs for fingerprints, failed to test the drug quantity, and failed to timely disclose evidence.

A claim of prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*,

11

73 F.3d 591, 592 n. 2 (5th Cir. 1996)). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011). "Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Due process is only violated when the alleged conduct deprived the petitioner of his right to a fair trial. A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *Ortega v. McCotter*, 808 F.2d 406, 410-11 (5th Cir. 1987).

Petitioner's claim that the prosecutor intimidated a witness is conclusory. He states his defense counsel's assistant wrote a note stating: "The DA went to talk to Steve's wife Jennifer." (ECF No. 11 at 8.) Petitioner offers no other evidence for this claim. The claim should be denied.

Likewise, Petitioner's claims that the prosecutor used an incorrect drug quantity calculation and failed to fingerprint the baggies of drugs are conclusory. Petitioner has submitted no evidence that the drug quantity used at trial was incorrect, or that testing of the drug baggies would have resulted in evidence

12

favorable to the defense. S*ee Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ[.]").

Petitioner also claims the prosecutor knowingly offered perjured testimony when Officer Chance testified that he saw Petitioner's co-defendant hand Petitioner money from a drug sale, but on cross-examination Officer Chance testified he was not sure what the co-defendant handed to Petitioner.

The record shows that on direct-examination, Officer Chance testified as follows:

> We observed our confidential informant exchange the money and receive the product from the white female, and then the white female gave the money to Mr. Lewis.

(ECF No. 20-4 at 35.)

On cross-examination, defense counsel questioned Officer Chance about this transaction. The record shows as follows:

| | |
|---|---|
| DEFENSE: | And the only time you ever saw Mr. Lewis anywhere near any of this activity was on the occasion where you said the -- the young lady made the sale, turned around and handed him what you said was money. Right? |
| CHASE: | What we thought to be monies, yes, sir. |
| DEFENSE: | You thought it was money, or you know it was money? |
| CHASE: | We were pretty sure it was money. |

13

| | |
|---|---|
| DEFENSE: | How sure are you? |
| CHASE: | She never -- she didn't appear to have anything else in her hand. And once she took the money, she never put it in her pockets. She just handed it straight to Mr. Lewis. |

* * *

| | |
|---|---|
| DEFENSE: | And again, you can't identify whether it was money. It's just based on your observation of the movements of the person you -- you think it was money. |
| CHASE: | I feel pretty confident it was money, yes, sir. |
| DEFENSE: | But you don't really know, do you? You didn't see it. |
| CHANCE: | Not a hundred percent, no, sir. |
| DEFENSE: | You -- okay. There's some doubt. Could be some doubt, right? |
| CHANCE: | Some. |

(*Id.* at 86, 88.)

Although Petitioner claims the prosecutor knowingly offered perjured testimony, conflicting or inconsistent testimony is insufficient to establish perjury. *See Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001.) Further, contradictory trial testimony is to be resolved by the jury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Petitioner has failed to show that the state court's denial of this claim was unreasonable.

14

Finally, Petitioner argues the prosecutor failed to timely disclose photographs and copies of texts. As discussed above, however, the prosecutor informed the court that he had not been aware of this evidence, and that he provided the evidence to the defense once he learned of it. Petitioner has failed to establish prosecutorial misconduct.

## 5. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel when counsel: (1) failed to object that the search warrant lacked probable cause; (2) failed to argue he had no possession of a cell phone that was used in evidence; (3) failed to object to the drug quantity; (4) failed to move for an instructed verdict; and (5) failed to investigate his medical history and call psychiatrist Patricia Newton as a witness.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

15

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues counsel should have argued the search warrant lacked probable cause. The record shows defense counsel did object to the search warrant, and that counsel filed a motion to suppress arguing there was no probable cause to stop or arrest Petitioner. (ECF No. 20-2 at 27-30.) Petitioner's claim is without merit.

Petitioner also argues counsel failed to request testing of the drug quantity, failed to move for a directed verdict, and failed to argue Petitioner had no connection to a cell phone that was in evidence. The record shows that defense counsel cross-examined the state's expert regarding the drug quantity. (ECF No. 20-4 at 142-143.) The expert admitted that the total weight of the drugs included dilutants and that the State did not perform a quantitative analysis to determine the drug amount without the dilutants. (*Id.*) Under Texas law, the drug quantity

16

includes any dilutants. *See* Tex. Health & Safety Code §§ 481.002 and 481.101. Petitioner has also failed to show that if defense counsel had performed his own tests on the drugs, the result would have been favorable to the defense.

Defense counsel also objected to the cell phone evidence. Prior to the start of trial defense counsel argued this evidence should be suppressed because, "We don't even know who the phone belongs to." (ECF No. 20-4 at 6.) During trial, when the court admitted the evidence, defense counsel again objected. (ECF No. 20-5 at 154.) Although defense counsel did not file a motion for directed verdict, he did request a mistrial and also filed a motion for new trial. (*Id*; ECF No. 20-2 at 74.) Petitioner has failed to show that the state court's denial of these claims was unreasonable.

Finally, Petitioner argues defense counsel should have investigated his medical history and should have called psychiatrist Patricia Newton as a witness. Petitioner claims his medical history would show that he has confused thinking and trouble making decisions, and that Dr. Newton would have testified that he "isn't capable." (ECF No. 4 at 5.) To support his claim, Petitioner submitted a form with Dr. Newton's printed name stating that Petitioner has confused thinking and difficulty making decisions. (ECF No. 21 at 7.) Petitioner, however, has submitted no declaration from Dr. Newton that she would have testified at trial, and that her testimony would have been favorable to the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (citations omitted) ("for

17

the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."). Petitioner has failed to show that the state court's denial of this claim was unreasonable.

### 6. Actual Innocence

Petitioner claims he is actually innocent. To support his claim, he cites Officer Chance's testimony that Chance was not 100 percent certain he saw Petitioner's co-defendant hand Petitioner the drug money.

A claim of actual innocence independent of constitutional infirmity at trial is not cognizable on habeas review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1988). Further, to be credible, a claim of actual innocence must be based on reliable evidence *not* presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means "factual innocence" and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Where a petitioner asserts his actual innocence, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. *Schlup*, 513 U.S. at 327. Here, Petitioner submits no new evidence that was not submitted at trial. His claim is without merit and should be denied.

### 7. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

IV.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be DENIED with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed December 31, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (extending the time to file objections to 14 days).